IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MICHELLE HAYES | : | CIVIL ACTION |
| --- | --- | --- |
|  | : |  |
| v. | : | No. 17-5225 |
|  | : |  |
| ANDREW SAUL,[1] | : |  |
| *COMMISSIONER OF SOCIAL* | : |  |
| *SECURITY* | : |  |

# ORDER

AND NOW, this 3rd day of March, 2020, upon consideration of Plaintiff Michelle Hayes's Brief and Statement of Issues in Support of Request for Review, the Commissioner of Social Security's response thereto, Hayes's reply, and the Commissioner's Sur-Reply, and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, the Commissioner's objection, and Hayes's response to the Commissioner's objection, it is ORDERED:

- The Commissioner's objection to the Report and Recommendation (Document 30) is OVERRULED;[2]

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

[2] Plaintiff Michelle Hayes seeks review of an Administrative Law Judge's (ALJ) decision to deny her social security benefits. Hayes argues the ALJ lacked authority to decide her case because he was unconstitutionally appointed. *See generally Lucia v. SEC*, 138 S. Ct. 2044 (2018). The Commissioner concedes this point. Nevertheless, the Commissioner argues Hayes is not entitled to relief because she failed to exhaust her Appointments Clause claim.

United States Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation (R&R) finding exhaustion was not required for Appointments Clause claims. Judge Wells consequently recommended Hayes's request for review be granted and her case be remanded to the Commissioner for further proceedings before a different, and constitutionally appointed, ALJ. *See* R. & R. at 2, Nov. 29, 2018, ECF No. 24. The Commissioner objects to the R&R arguing Hayes must exhaust her Appointments Clause claim.

- The Report and Recommendation (Document 24) is APPROVED and ADOPTED;

- Hayes's Request for Review (Document 11) is GRANTED;

- Judgment is entered in Hayes's favor by separate order; and

- This case is REMANDED to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings before a different, and constitutionally appointed, Administrative Law Judge consistent with the Report and Recommendation.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

After Judge Wells issued her R&R, the Third Circuit Court of Appeals held exhaustion is not required for Appointments Clause claims. *See Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 153 (3d Cir. 2020). Therefore, the Commissioner's objection is overruled because *Cirko* is binding authority on this Court and Hayes was not required to exhaust her Appointments Clause claim. She is thus entitled to relief because the ALJ who decided her case was not constitutionally appointed. Accordingly, the Court grants Hayes's request for review and remands this case. On remand, the Commissioner shall grant Hayes a new hearing before a constitutionally appointed ALJ other than the one who presided over her first hearing. *See Cirko*, 948 F.3d at 159–60.