IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE HAYES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-5225 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *ACTING COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                              **October 9, 2020**

       In this social security appeal, the Court granted Plaintiff Michelle Hayes's request for review and remanded the case to the Social Security Commission for a new hearing because the Administrative Law Judge (ALJ) who decided her case was unconstitutionally appointed. The Commissioner conceded this point but nonetheless argued Hayes was not entitled to relief because she failed to exhaust her Appointments Clause claim during the administrative proceedings. Hayes, as the prevailing party, now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA) and argues the Commissioner's prelitigation position and position on exhaustion in this appeal were not substantially justified. *See* 28 U.S.C. § 2412. Because the Commissioner was substantially justified in his prelitigation position and in arguing Hayes failed to exhaust her Appointments Clause claim in this appeal, the Court will deny Hayes's motion.

**BACKGROUND**

       On April 25, 2016, the ALJ issued a decision finding Hayes not disabled under the Social Security Act. On September 14, 2017, the Appeals Council denied her request for review, making

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

the ALJ's decision the Commissioner's final decision. On November 20, 2017, Hayes filed this case seeking review of the ALJ's decision. In her reply brief, Hayes raised the Appointments Clause issue for the first time, arguing her ALJ was not constitutionally appointed and thus lacked the authority to decide her case pursuant to *Lucia v. SEC*, 138 S. Ct. 2044 (2018) (holding ALJs are inferior officers who must be appointed pursuant to the Appointments Clause). The Commissioner conceded the ALJ who presided over Hayes's case was not constitutionally appointed. The Commissioner nonetheless argued against remand because Hayes failed to exhaust her Appointments Clause claim during the administrative proceedings.

United States Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation (R&R) finding exhaustion was not required for the Appointments Clause claim, and recommended Hayes's request for review be granted and her case remanded. *See* R. & R. at 2–3, Nov. 29, 2018, ECF No. 24. On January 23, 2020, while this case was still pending, the Third Circuit held "claimants for Social Security disability benefits [are not required to] exhaust Appointments Clause challenges before the very [ALJs] whose appointments they are challenging." *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152–53 (3d Cir. 2020). Pursuant to the holding in *Cirko*, the Court adopted the R&R and remanded the case for a new hearing before a different, and constitutionally appointed ALJ. *See* Order, Mar. 3, 2020, ECF No. 40 (remanding case pursuant to sentence four of 42 U.S.C. § 405(g)).

Hayes filed the instant motion for attorney's fees as the prevailing party under the EAJA. Hayes argues the Commissioner's prelitigation position was not substantially justified because he did not properly appoint the ALJ to hear her case. The Commissioner opposes the motion but does not address his prelitigation position. Rather, he argues his exhaustion defense in this appeal was substantially justified because there were numerous district court decisions supporting his position.

2

**DISCUSSION**

The Court will deny Hayes's motion for attorney's fees because the Commissioner's prelitigation position and his position in this appeal were substantially justified. Congress enacted the EAJA "to remove an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in securing the vindication of a party's rights in the courts." *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d Cir. 1983) (internal quotations omitted). A prevailing party is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

Here, Hayes is the prevailing party. *See Shalala v. Schaerfer*, 509 U.S. 292, 301 (1993) (holding that the party is the prevailing party if the Court remanded the case pursuant to 42 U.S.C. § 405(g), fourth sentence). She is thus entitled to attorney's fees unless the Commissioner's position was substantially justified. The Court concludes it was.

The Supreme Court defines "substantially justified" as "justified in substance or in the main" which is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The burden of proving substantial justification is on the Commissioner. *See Dougherty*, 711 F.2d at 561. To meet its burden, the Commissioner must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory advanced; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *See Citizens Council of Del. Cnty. v. Brinegar*, 741 F.2d 584, 593 (3d Cir.1984).

The position of the Government includes not only its litigation position but also the agency position that made the lawsuit necessary. *See Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993). The EAJA "favors treating a case as an inclusive whole rather than as atomized line items." *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005). When determining

whether the Government's position is substantially justified, the Court must consider the totality of the circumstances and arrive at one conclusion that encompasses the entire civil action. *See Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009). Therefore, unless both the Commissioner's litigation and prelitigation positions meet the substantial justification test, the Commissioner's position was not substantially justified. *See Hanover Potato Prods., Inc.*, 989 F.2d at 128.

Starting with the Commissioner's prelitigation position, the Court finds it was substantially justified. Hayes argues the Commissioner's prelitigation position was not substantially justified because her ALJ was appointed unconstitutionally and the Commissioner should have affirmatively raised the Appointments Clause issue. Hayes's argument, however, is not supported by the timeline of events at the administrative level.

The ALJ issued the decision in 2016 and the Appeals Council denied Hayes's request for review in 2017, both before *Lucia* was decided in 2018. Prior to *Lucia*, it was neither clear nor settled whether appointments of ALJs fell within the Appointments Clause. In *Lucia*, the Supreme Court reviewed the case in the face of a circuit split on the question. *See* 138 S. Ct. at 2050 ("*Lucia* asked us to resolve the split by deciding whether [SEC] ALJs are 'Officers of the United States within the meaning of the Appointments Clause.'"). Only after *Lucia* was the Appointments Clause unambiguously held to apply to the appointments of Social Security ALJs.

The Government's legal position will generally be substantially justified where law was unsettled. *See Washington v. Heckler*, 756 F.2d 959, 961–62. (3d Cir. 1985). Therefore, because of the legal uncertainty regarding whether the Social Security ALJs should be appointed pursuant to the Appointments Clause, the Commissioner's prelitigation position was substantially justified.

The Court recognizes Social Security ALJs have an affirmative obligation to assist the claimant in developing the facts. *See Ventura v. Shalala*, 55 F.3d 900, 904 (3d Cir. 1995).

However, considering the constitutional appointment status of Social Security ALJs was not settled, the Commissioner acted reasonably in not affirmatively raising the Appointments Clause issue when Hayes did not raise any objection at the administrative level. *See Culclasure v. Comm'r of Soc. Sec. Admin.*, No. 19-1543, 2020 WL 3172860, at *5 (E.D. Pa. June 15, 2020) ("While we expect the Commissioner respond to a claimant's constitutional concerns when raised and to conform to 'settled law' consistent with his oath to defend the Constitution, we do not expect nor require the Commissioner to predict how the judiciary will interpret the constitution in conducting administrative proceedings among varied interpretations.").

Hayes argues the Commissioner should have known the ALJ's appointment was unconstitutional based on the Supreme Court's reasoning in *Freytag v. Commissioner of Internal Review*, 501 U.S. 868, 878–79 (1991). However, *Freytag* does not examine the narrow issue of whether Social Security ALJs are subject to the Appointments Clause. Although *Freytag* largely determined whether special trial court tax judges are subject to the Appointments Clause, the issue regarding other agencies' ALJs did not become clear until *Lucia* was decided in 2018. *Freytag* thus does not establish the Commissioner's prelitigation position was unreasonable.

Hayes also points to *Morgan v. Perry*, 142 F.2d 670, 690 (3d Cir. 1998), claiming the Commissioner's prelitigation conduct was unjustified because the Commissioner did not obey the Constitution in the appointment of the ALJ. However, in *Morgan* the Third Circuit held even if the plaintiff prevails on a constitutional violation, the district court did not err in finding that the Government's position was substantially justified. *See* 142 F.2d at 690. Therefore, *Morgan* actually undermines Hayes's position. The fact that the ALJ was unconstitutionally appointed did not necessarily mean that the Commissioner's prelitigation position was not substantially justified.

In sum, because there was legal uncertainty as to whether Social Security ALJs are subject to the Appointments Clause, the Commissioner's prelitigation position—proceeding through the administrative process without affirmatively raising the Appointments Clause issue—was substantially justified. *See Lebron-Torres v. Comm'r of the Soc. Sec. Admin.*, No. 18-1212, 2020 WL 3488424, at *2 (E.D. Pa. June 26, 2020) (deciding the Commissioner's prelitigation position was substantially justified because prior to *Lucia*, the status of Social Security ALJs had not been settled); *Marant v. Saul*, No. 18-4832, 2020 WL 3402416, at *4 (E.D. Pa. June 19, 2020) (holding the Commissioner's prelitigation position was substantially justified because the pre-*Lucia* landscape on the ALJ Appointments clause issue was unclear); *Culclasure*, 2020 WL 3172860, at *5 (finding the Commissioner's prelitigation position was substantially justified because the administrative proceedings occurred before *Lucia*).

Turning to the Commissioner's exhaustion defense and the position in this appeal, the Court concludes it was also substantially justified. As for the facts alleged, it is undisputed Hayes did not raise the Appointments Clause claim during the administrative proceedings. The Commissioner thus had a factual basis for asserting the exhaustion defense.

On the second element, the Court concludes the Commissioner had a reasonable basis in law for advancing the exhaustion defense. At the time the Commissioner filed his response to Hayes's request for review, there was no precedential authority on the issue of whether Appointments Clause claims were subject to exhaustion. In *Lucia*, the Supreme Court held that a new hearing should be granted if one makes a "timely challenge" to the constitutionality of the appointment of an ALJ. *See* 138 S. Ct. at 2055. But the Supreme Court did not define what qualifies as a "timely challenge." *See id.* Therefore, whether the claimant waives the Appointments Clause

claim by failing to exhaust it at the administrative level was an unsettled question at the time the Commissioner filed his response in this case.

Several district courts supported the Commissioner's position. *See, e.g.*, *Sprouse v. Berryhill*, 363 F. Supp. 3d 543, 550 (D.N.J. 2019) (holding Appointments Clause claims must be raised before the ALJ); *Bonilla-Bukhari v. Berryhill*, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (concluding exhaustion of Appointments Clause claim was required before the ALJ); *Allen v. Berryhill*, No. 17-3414, 2019 WL 1438845, at *13 (N.D. Cal. Mar. 31, 2019) (rejecting Appointments Clause claim when it was not timely made at the administrative level). There was even a split in this district on the issue. *See, e.g.*, *Culclasure*, 2019 WL 1641192 at *12 (stating the claimant did not need to exhaust Appointments Clause claim at the administrative level); *Cox v. Berryhill*, No. 16-5434, 2018 WL 7585561, at *2 (E.D. Pa. Dec. 18, 2018) (holding the claimant waived his Appointments Clause claim because it was not raised during administrative proceedings). Because a significant number of courts agreed with the Commissioner's position, the Commissioner has demonstrated a reasonable basis in the law for advancing the exhaustion defense. *See Holmes v. Berryhill*, No. 19-784, 2020 WL 2126787, at *2 (E.D. Pa. May 4, 2020) ("Considering this broad support for the Commissioner's position [on exhaustion], it cannot be said to have been unreasonable."). Considering the issue was unsettled, the Commissioner's position on exhaustion was reasonable. *See Dougherty*, 711 F.2d at 566 (stating Government's legal theory was reasonable when issue raised a close question of law and at least one other court agreed with the position).

The Court also notes it is possible for the Government to take a position that is substantially justified yet lose. *See Pierce*, 487 U.S. at 569. Although the Third Circuit in *Cirko* rejected the Commissioner's position, it does not establish that the Commissioner's position was not

substantially justified. *See Cortese v. Comm'r of Soc. Sec*, No. 18-3437, 2020 WL 2745741, at *1 (E.D. Pa. May 27, 2020) ("Losing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification for his position and is not the basis for a fee award to a claimant under the Act."). The analysis in *Cirko* indicates that the question required a close study of past cases. Reasonable minds can, and did, reach different but equally justified conclusions based on the available precedents addressing Appointments Clause issues. The Court is thus unpersuaded the Commissioner's legal theory was unreasonable.

Finally, as for the third element, because Hayes did not raise the Appointments Clause claim at the administrative level, there was a reasonable connection between the facts alleged and the Commissioner's exhaustion defense.

The Commissioner having shown he had a reasonable basis in fact, law, and the connection between the two, the Court concludes the Commissioner was substantially justified in arguing Hayes failed to exhaust her Appointments Clause claim. *See Holmes*, 2020 WL 2126787, at *3 ("Because the Commissioner was substantially justified in arguing that [the plaintiff] had waived her Appointments Clause challenge, her motion for attorney's fees will be denied."); *Cortese*, 2020 WL 2745741, at *6 (denying motion for attorney's fees because Commissioner was substantially justified in arguing exhaustion was required for Appointments Clause claims).

Based on the foregoing, the Court concludes the Commissioner has met his burden of showing that both his prelitigation and litigation positions were substantially justified.

**CONCLUSION**

Although Hayes was the prevailing party in this case, she is not entitled to attorney's fees under the EAJA because the Commissioner's position throughout the entire case was substantially justified. Accordingly, the Court will deny Hayes's motion for attorney's fees.

An appropriate order follows.

                                                    BY THE COURT:

                                         /s/  Juan R. Sánchez
                                        Juan R. Sánchez, C.J.